U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

OCT 2 7 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **MICHAEL VERNARD WHITEHEAD** | **CIVIL ACTION NO: 09-1427** |
| **VERSUS** | **JUDGE WALTER** |
| **CITY OF BOSSIER CITY, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. # 22] filed on behalf of Defendants, City of Bossier City, K.M. Halphen, Sergeant Richard McGee, and Officer Adam Johnson (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 56. Plaintiff, Michael Vernard Whitehead ("Whitehead"), opposes the motion. For the reasons assigned herein, the motion for summary judgment is **GRANTED**.

## SUMMARY OF FACTS

On December 30, 2005, Whitehead was arrested in Bossier Parish, Louisiana, for possession of cocaine with intent to distribute. [Doc. #1, ¶ 13]. According to Whitehead, Bossier Parish police discovered the cocaine after an illegal search of Whitehead's clothing. [Doc. #1, ¶ 13]. On June 15, 2006, Whitehead was convicted of drug charges stemming from the December 2005 search, and on March 9, 2007, he was sentenced to thirty years imprisonment after being found to be a multiple offender. [Doc. #1, ¶¶ 17, 19]. The Louisiana Second Circuit Court of Appeals reversed Whitehead's conviction on April 2, 2008, pointing to the illegality of the December 30, 2005, search that led to the discovery of the original cocaine. [Doc. #1, ¶ 20]. The Second Circuit denied rehearing on April 24, 2008, [Doc. #1, ¶ 25], and on January 9, 2009, the Louisiana Supreme Court denied certiorari.

1

[Doc. #1, ¶ 26].

Plaintiff filed this suit in federal court on August 14, 2009. In his original complaint Whitehead raised three causes of action. First, he asserted that defendants deprived him of his constitutional rights to be free from unjust and unreasonable search, seizure, and detention and to be free from unlawful imprisonment. [Doc. #1, ¶ 32]. Second, Whitehead claimed that the City of Bossier City, the Bossier City Police Department, and K.M. Halphen did not establish or enforce policies to protect a detainee's civil, statutory, or constitutional rights or to prevent the deprivation of those rights. [Doc. #1, ¶ 42]. Third, Whitehead raised state law claims under Article 2315 of the Louisiana Civil Code. [Doc. #1, ¶¶ 47-53].

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56 (c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265

2

(1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## **DISCUSSION**

### Unopposed Grounds for Summary Judgment

In Whitehead's opposition to Defendants' motion for summary judgment, he abandons several causes of action by ceding Defendants' arguments in favor of summary judgment. First,

Whitehead explains that his opposition is limited "to the extent that it seeks the dismissal of claims based on the conduct of Officer Johnson, i.e., the direct claims against Officer Johnson and the derivative claims against the City of Bossier, Officer Johnson's employer, based on Officer Johnson's conduct. Whitehead does not contest the other grounds on which the defendants seek summary judgment." [Doc. #27 at 2, n. 1]. This statement admits that there are no genuine issues of material fact concerning defendants K.M. Halphen and Sergeant Richard McGee, and Whitehead offers no evidence to support his claims against these defendants. Accordingly, all claims against defendants K. M. Halphen and Sergeant Richard McGee, along with all claims against the City of Bossier City based on the actions of K. M. Halphen and Sergeant Richard McGee, are DISMISSED WITH PREJUDICE.

Second, Whitehead does not contest Defendants' assertion that the City of Bossier City did not have a custom, policy, or practice of infringing constitutional rights. [Docs. # 27 at 19; 22-2 at ¶ 26; 27-1 at 4]. Whitehead stated that he is only contesting summary judgment in favor of the City of Bossier City for derivative claims against it, as Johnson's employer, based on Johnson's conduct. Municipalities, though, are not liable for constitutional torts under § 1983 based on a theory of *respondeat superior*. *Monell v. Dept. of Social Serv.*, 436 U.S. 658 (1978); *McCall v. Peters*, 2003 WL 21488211 at *10 (N.D.Tex. May 12, 2003) ("[§ 1983] liability does not attach merely because a city employed a tortfeasor") (citing *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995)). Instead, municipalities "can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Johnson v. Louisiana*, 2010 WL 996475 at *11 (W.D.La. March 16, 2010) (quoting *Monell* at 694). "To succeed on a *Monell* claim against a local

4

government entity, the plaintiff must establish (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Id.* (citing *McGregory v. City of Jackson*, 335 Fed.Appx. 446, 448 (5th Cir. 2009)). Since Whitehead does not assert a flawed city custom, policy, or practice, and because there is no *respondeat superior* liability for municipalities under § 1983, Whitehead does not have a viable claim against the City of Bossier City. The second cause of action contained in Whitehead's complaint [Doc. #1, ¶¶ 41-46] and all claims against the City of Bossier City are DISMISSED WITH PREJUDICE.

Third, Defendants argue that Whitehead's claims have prescribed. [Doc. #22-1 at 20-21]. Although Whitehead opposes this contention in part, he does concede that "his false arrest claims have prescribed," [Doc. #27 at 16], and he offers no evidence to suggest otherwise. As such, Whitehead's claims, both state and federal, based on false arrest, which includes Fourth Amendment-based unlawful search and seizure claims stemming from the initial *Terry* stop, are DISMISSED WITH PREJUDICE.[1]

---

[1] Even if Whitehead had not conceded that his false arrest claims had prescribed they would nonetheless be time barred. No statute of limitations exists for actions brought under 42 U.S.C. § 1983. Instead, federal courts borrow the forum state's general personal injury limitation period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). In Louisiana, the applicable prescriptive period is one year. La. Civ. Code Ann. art. 3492; *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). Federal law, not state law, determines when the cause of action accrues and the prescriptive period begins to run. *Wallace* at 388 ("the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.") (emphasis in original); *Jacobsen* at 319. "[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action.... that is, when the plaintiff can file suit and obtain relief." *Wallace* at 388 (internal quotations and citations omitted). *See also Adepegba v. Louisiana*, 41 F.3d 663, 663 (5th Cir. 1994) ("Under federal law, a cause of action accrues at the time the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'") (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)); *Madis v. Edwards*, 347 Fed.Appx. 106, 108 (5th Cir. 2009). "For the purposes of a federal civil rights action, plaintiff's illegal search and seizure and false arrest claims accrued... when the alleged constitutional violations occurred." *Harris v. Orleans Dist. Attorney's Office*, 2009 WL 3837618, at *3 (E.D.La. Oct. 13, 2009) (citing *Wallace*). For a false arrest claim the alleged constitutional violation is when "the claimant becomes detained pursuant to legal process." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (citing *Wallace*).

The allegedly illegal search and arrest at issue in this case occurred on December 30, 2005. Pursuant to

Due Process Claim

What claim remains is one against Officer Johnson based upon actions by Johnson other than the unlawful search and arrest. Whitehead describes these claims as follows: "[t]his is a claim based on Officer Johnson's abuse of process and conduct, which began with a known illegal search, continued in a report of purported criminal conduct that was discovered solely and directly as a result of a known illegal search and that directly led to a trial that resulted in illegal seizure and imprisonment, and that ended with perjured testimony." [Doc. #21 at 16-17]. Whitehead also contends that "he has maintained his innocence, which necessarily implies that any crack cocaine purportedly recovered from him was planted." [Doc. #33 at vi]. Construed most liberally, this is a claim for violation of due process, which is a cause of action under § 1983. *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003).

Defendants contend that Whitehead's due process claim is belated and unsupported. In his original complaint, Whitehead does not raise a due process violation, instead focusing on causes of action stemming from the allegedly illegal search performed by Officer Johnson. Whitehead does invoke the Fourteenth Amendment [Doc. #1 at ¶32], which has a due process component, but the single reference alone is insufficient.

Whitehead suggests that raising the due process claim in opposition to a motion for summary judgment is proper, citing *Stover v. Hattiesburg Public School District.*, 549 F.3d 985 (5th Cir. 2008). In *Stover*, the Fifth Circuit found no error in a trial court's consideration of a claim raised for

---

*Wallace*, *Mapes*, and *Harris*, the prescriptive period for a § 1983 claim based on illegal search or arrest would begin to run at the time of the arrest or when Whitehead was detained pursuant to legal process. Whitehead filed this suit on August 14, 2009, well after the one-year prescriptive period for his claims had run. Therefore, Whitehead's federal claims under § 1983 have prescribed.

6

the first time in opposition to summary judgment. *Stover* at 989, n. 2. Further, the cases cited in *Stover* suggest that raising a claim in an opposition to summary judgment should be treated as a motion to amend and determined pursuant to Fed. R. Civ. Pro. 15(a)(2). *Id.* (citing *Debowale v. U.S. Inc.*, 62 F.3d 395, 395 (5th Cir.1995); *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir.1992); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir.1972)).

The more liberal amendment standard of Rule 15, however, is inapplicable to Whitehead's asserted due process claim. Per the scheduling order [Doc. #21] issued by this Court on April 26, 2010, amendment of pleadings had closed. When a scheduling order deadline has expired, a party wishing to amend must show good cause pursuant to Fed. R. Civ. Pro. 16(b). *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

The Fifth Circuit follows a four-part test for considering whether to allow an amendment under Rule 16(b): "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (citations omitted). Here, Whitehead offers no explanation for why his due process claim was not made prior to his opposition to summary judgment. Further, allowing this amendment would significantly prejudice Officer Johnson as it would subject him to a new avenue of liability after all asserted federal causes of action have been dismissed. Therefore, Whitehead has not shown good cause to permit amending his complaint at this

stage in litigation. Consequently, the due process claims Whitehead asserts in his opposition to summary judgment are DISMISSED WITH PREJUDICE.

Remaining State Law Claims

In addition to his federal law claims, Whitehead asserted state law claims under Article 2315 of the Louisiana Civil Code. The court declines to exercise its supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir.2006) ("it is our 'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case"). Therefore, all state law claims are **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons assigned herein, Defendants' motion for summary judgment is **GRANTED**. Plaintiff's federal law claims are **DENIED WITH PREJUDICE**. Plaintiff's state law claims are **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**, in Shreveport, Louisiana, this 26th day of October, 2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

8